UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH RUSSELL DELGADO,

    Petitioner,

vs.

MIKE EVANS, Warden,

    Respondent.

No. C 05-3889 PJH (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**

This is a habeas case brought pro se by a state prisoner under 28 U.S.C. § 2254. In the initial review order the court noted that as to several of his issues petitioner had failed to adequately allege that his constitutional rights were violated, but also noted that it appeared that the petition was not timely. The court therefore ordered service on the respondent and ordered respondent to file a motion to dismiss or a statement that he did not believe the petition to be untimely, rather than dismissing with leave for petitioner to amend to reframe some of the issues. Respondent has filed a motion to dismiss and petitioner has filed an opposition and request for a stay. The motion is ready for decision.

**DISCUSSION**

Respondent contends that this petition is barred by the statute of limitations. The statute of limitations is codified at 28 U.S.C. § 2244(d). Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme

Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *Id.* § 2244(d)(2).

Respondent asserts, and petitioner does not dispute, that he was convicted in 1995 and that direct review was completed on October 7, 1996. The petition thus was due on or before October 7, 1997. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (adopting what is referred to as the "anniversary method" because, absent any tolling, the expiration date of the limitation period will be the same date as the triggering event but in the following year). It was not, however, filed until September 17, 2005, long after expiration of the statute of limitations. Petitioner's first state habeas petition was not filed until 2003, also long after expiration of the limitations period, so did not toll it. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (no statutory tolling under section 2244(d) when limitations period ends before state petition is filed).

In his opposition to the motion to dismiss petitioner asserts that his petition is not procedurally barred and that the case should be stayed to allow him to attempt to show cause and prejudice or a miscarriage of justice, both of which are exceptions to the procedural default doctrine. However, the motion to dismiss here is not based upon procedural bar, but upon untimeliness. Nothing in petitioner's opposition refutes respondent's contention that the petition is grossly untimely. The motion to dismiss will be granted.

**CONCLUSION**

Respondent's motion to dismiss (document number 9 on the docket) is **GRANTED**. The petition is **DISMISSED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: 7/26/07

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.05\DELGADO889.DSM-SL.wpd

2